UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PEARL L. DITTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-240-TAV-CCS |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 15 & 16] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 17 & 18]. Pearl L. Ditty ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner").

On October 24, 2012, the Plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), claiming a period of disability which began April 28, 2010. [Tr. 245, 281]. After her application was denied initially and upon reconsideration, the Plaintiff requested a hearing. [Tr. 194]. On August 28, 2014, a hearing was held before the ALJ to review determination of the Plaintiff's claim. [Tr. 34-66]. On December 10, 2014, the ALJ found that the Plaintiff was not disabled. [Tr. 11-32]. The Appeals Council denied the Plaintiff's request for review [Tr. 2-4]; thus, the decision of the ALJ became the final

decision of the Commissioner.

Having exhausted her administrative remedies, the Plaintiff filed a Complaint with this Court on June 7, 2015, seeking judicial review of the Commissioner's final decision under Section 205(g) of the Social Security Act. [Doc. 2]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## I. ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.
>
> 2. The claimant has not engaged in substantial gainful activity since July 13, 2011, the amended alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following combination of severe impairments: obesity, diabetes, status post 3 surgeries on non-dominant left hand with residual loss of use, chronic obstructive pulmonary disease, and degenerative disc disease (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairment in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant can lift or carry 10 pounds frequently and 10 pounds occasionally; the claimant can stand and/or walk for a total of 2 hours in an 8-hour workday; the claimant can sit for a total of 6 hours in an 8-hour workday; the claimant requires a sit/stand option at the workstation while remaining at the workstation (option means that the individual can sit/stand at will while performing their assigned duties, as long as

2

not off task 10% of the workday); claimant is right hand dominant and functions as one handed, except for occasional left fingering with minor assists; no left hand lifting; no exposure to heights; and work that is limited to simple tasks as defined in DOT as SVP levels 1 and 2, routine repetitive tasks.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on October 5, 1965 and was 44 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of jobs skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 4041569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 13, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 16-27].

## II. DISABILITY ELIGIBILITY

This case involves an application for DIB and SSI benefits. An individual qualifies for DIB if he or she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1). To qualify for SSI benefits, an individual must file an application and be an "eligible individual" as defined in the Act. 42

3

U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), § 416.905(a). A claimant will only be considered disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see 20 C.F.R. §§ 404.1505(a), 4015.905(a).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and

4

vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof at the first four steps. Id. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. 42 U.S.C. § 405(g); Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citing Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981)) (internal citations omitted).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have

5

decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) (citing Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972)).

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## IV. POSITIONS OF THE PARTIES

On appeal, the Plaintiff alleges a single assignment of error committed by the ALJ. Specifically, the Plaintiff maintains that the ALJ's finding that the Plaintiff can perform a reduced range of sedentary work is not supported by substantial evidence. [Doc. 16 at 5-6]. The Plaintiff argues that the ALJ's finding conflicts with Social Security Ruling 83-10, which explains that unskilled sedentary work generally requires good hand use and fingering ability, and that the medical evidence of record, as well as the Plaintiff's own testimony, demonstrates

6

that she is severely more limited with the dexterity of her left hand than found by the ALJ. [Id.].

The Commissioner submits that although Social Security Ruling 83-10 specifies that most sedentary work requires good use of the hands and fingers, the Commissioner argues that the ruling does not disqualify the Plaintiff from performing all sedentary work. [Doc. 18 at 6]. In this regard, the Commissioner argues that the ALJ properly consider the impact of the Plaintiff's limitations, including her left hand impairment, upon the unskilled sedentary occupational base by consulting vocational expert ("VE") testimony. [Id.]. Because the hypothetical question posed to the VE properly described all of the Plaintiff's limitations and the vocational expert identified several unskilled sedentary jobs that the Plaintiff was capable of performing, the Commissioner contends that substantial evidence supports the ALJ's step five finding. [Id. at 7].

V.   ANALYSIS

As discussed above, at step five of the sequential evaluation, the Commissioner has the burden of proving that other work exists in the national economy that the claimant can perform given the claimant's RFC and vocational factors, including age, education, and work skills. Walters, 127 F.3d at 529 (citing 20 C.F.R. § 404.1520). In many cases, the Commissioner may meet her burden by applying the Medical-Vocational Guidelines (the "grids"), which based upon the claimant's age, education, and whether she has transferable job skills, will indicate a finding of "disabled" or "not disabled." Id. (citing Wright v. Massanari, 321 F.3d 611, 615 (6th Cir. 2003); Burton v. Sec'y of Health & Human Servs., 893 F.2d 821, 822 (6th Cir. 1990). Essentially, the grids allow an ALJ to take administrative notice that jobs are available in the national economy in which a claimant is capable of performing without having to consult

7

additional evidence. See Kirk, 667 F.2d at 529. However, if a claimant suffers from non-exertional limitations or cannot perform substantially all of the exertional demands of a job at a given exertional level, the grids only provide a framework for the Commissioner's decision, and the Commissioner must utilize other evidence, such as testimony from a VE, to determine whether work exists in the economy the claimant can perform. Walters, 127 F.3d at 529 (citing Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 537-38 (6th Cir. 2001); Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 150 (6th Cir. 1996)).

In concluding that the Plaintiff could perform a reduced range of unskilled sedentary work, the ALJ consulted a VE during the administrative hearing and asked him whether work existed in the economy for a hypothetical individual, the same age, education, and work experience as the Plaintiff, that had certain additional limitations. [Tr. 52]. Specifically, the ALJ, relying on the RFC determined by a prior ALJ in the Plaintiff's 2012 proceeding for SSI and DIB [Tr. 97], limited the hypothetical individual to the following:

> This individual could lift and carry 10 pounds frequently and occasionally, could stand or walk two hours in an eight hour day, and sit six hours in an eight hour day. This individual would require a sit/stand option at the work station while remaining at the work station . . . which means that the individual could sit/stand at will while performing their assigned duties, that assuming they were not off-task more than 10 percent of the day. The individual is also right hand dominant and functions one-handed except for occasionally left fingering with minor assists. This individual cannot lift with their left hand and should not be exposed to heights. Mentally this individual is limited to simple tasks as defined in the DOT as SVP levels 1 and 2, routine and repetitive tasks.

[Tr. 52-53]. Based upon the forgoing, the VE testified that the hypothetical individual could not perform the Plaintiff's past relevant work, but that other jobs existed in the national and regional economy that the individual could perform. [Tr. 53]. The VE identified callout operator, charge

8

account clerk, and telephone quotation clerk, as well as the number of jobs available for each position, and classified the jobs as unskilled sedentary work. [Tr. 54].

In the disability decision, the ALJ adopted the prior RFC determination, finding that he was bound by the previous 2012 decision because while the Plaintiff's current application for benefits presented some evidence of changed circumstances, said evidence did not substantially alter the ultimate outcome.[1] [Tr. 20]. In this regard, the ALJ found that the only change in circumstances was the development of non-severe mental impairments of anxiety and depression. [Id.]. At step five, the ALJ observed that the Plaintiff's "ability to perform all or substantially all of the requirements of [sedentary] work has been impeded by additional limitations." [Tr. 27]. As a result, the ALJ noted that he had consulted a VE during the hearing to determine the extent to which the Plaintiff's RFC eroded the occupational base. [Id.]. The ALJ then recited the VE's testimony that other work, namely, callout operator, charge account clerk, and telephone quotation clerk, existed in the national and regional economy that the Plaintiff could perform given her RFC. [Id.].

The Plaintiff contends that the ALJ's finding that she is capable of performing sedentary work is contrary to the medical evidence and hearing testimony of record. The Plaintiff cites to a consultative examination conducted by Robert Howell, M.D., on December 1, 2012, in which Dr. Howell opined that the Plaintiff had decreased sensation and limited range of motion in the second, third, and fourth digits of her left hand which prevented the use of her hand to perform simple tasks such as gripping or making a fist. [Tr. 365-66]. In addition, the Plaintiff cites her hearing testimony in which she related that she has problems using her left hand due to a prior

---

[1] The Commissioner is bound by a prior decision on a claimant's application for benefits unless new and material evidence or a change in circumstances requires a different finding. Drummond v. Comm'r of Soc. Sec., 126 F.3d 837, 842 (6th Cir. 1997); Social Security Acquiescence Ruling 98–4(6), 1998 WL 283902, at *3 (June 1, 1998).

9

injury and must use her right dominant hand to pick up things. [Tr. 41-42]. Finally, the Plaintiff argues that the ALJ's finding conflicts with Social Security Ruling 83-10 which states, "Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions." 1983 WL 31251, at *5 (Jan. 1, 1983).

The Court finds the Plaintiff's arguments unpersuasive. First, the Plaintiff does not allege, and the Court has not found, any error on the ALJ's part in addressing or weighing Dr. Howell's opinion or the Plaintiff's testimony. Dr. Howell's opinion was assigned "little weight" for a number of reasons [Tr. 26] which are neither relevant to the issue at hand nor contested by the Plaintiff. The ALJ also found the Plaintiff's testimony regarding her left hand was not entirely credible, because she reported to Dr. Howell, as well as a second consultative examiner, that she was independent with several activities of daily living and indicated several times throughout the record that she provided childcare to her grandchildren. [Tr. 25]. In one particular instance, for example, the Plaintiff explained that she fell due to back pain while holding her grandchild, which the ALJ found belied the Plaintiff's allegation that she was severely limited with the use of her left hand given the fact that she is able to carry small children and provide childcare. [Tr. 25].

The Court finds the Plaintiff's argument simply amounts to a disagreement with the ALJ's RFC finding, which is not enough to constitute reversible error. See <u>Jones v. Comm'r of Soc. Sec.</u>, 336 F.3d 469, 477 (6th Cir. 2003) (holding that a court will not disturb an ALJ's RFC determination so long as the finding is supported by substantial evidence). Indeed, the Plaintiff does not actually identify or specify a procedural or legal error committed by the ALJ as to weight assigned to Dr. Howell's opinion or the Plaintiff's testimony and the reasons for that weight. Therefore, to the extent that the Plaintiff relies on the foregoing evidence as

undermining the ALJ's RFC finding, the Court finds that the ALJ properly addressed the evidence in accordance with agency regulations and rules, and that the Plaintiff has not presented any colorable argument to the contrary for this Court to review. See Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 499-91 (6th Cir. 2006) (declining "to formulate arguments" or "undertake an open-ended review of the entirety of the administrative record" on behalf of a plaintiff who neither provides an argument or an analysis on an issue asserted); McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting with approval Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n, 59 F.3d 284, 293–94 (1st Cir. 1995) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

Second, Social Security Ruling 83-10 describes the exertional demands "to perform the full range of sedentary" work. 1983 WL 31251, at *5. In the instant case, the ALJ found that the Plaintiff could perform a *reduced* range of unskilled sedentary work. [See Tr. 27 ("However, the claimant's ability to perform all or substantially all of the requirements of [sedentary] work has been impeded by additional limitations."). Social Security Ruling 85-15 observes that the loss of hand dexterity may erode a large number of occupations a claimant would otherwise be able to perform. 1985 WL 56857, at *7 (Jan. 1, 1985). Specifically, the "loss of fine manual dexterity narrows the sedentary and light ranges of work much more than it does the medium, heavy, and very heavy ranges of work." Id. Therefore, "[t]he varying degrees of loss which can occur may require a decision-maker to have the assistance of a [vocational specialist]." Id.

Given the Plaintiff's left hand limitations, the Court finds that the ALJ properly consulted a VE, provided the VE a function-by-function assessment of the Plaintiff's limitations, and based

11

upon those limitations, the VE opined that jobs existed within the area of unskilled sedentary work that accommodated the Plaintiff's RFC. Because the hypothetical question properly represented all of the Plaintiff's limitations, the VE's testimony provided substantial evidence that the Plaintiff could perform a reduced range of unskilled sedentary work despite her left hand limitations. See Smith v. Halter, 307 F.3d 377, 378 (6th Cir. 2001) ("A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments.").

Accordingly, the Court finds the Plaintiff's allegation of error is not well-taken.

## VI.   CONCLUSION

Based upon the foregoing, it is hereby **RECOMMENDED**[2] that the Plaintiff's Motion for Judgment on the Pleadings [**Doc. 15**] be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 17**] be **GRANTED**.

                                        Respectfully submitted,


                                        s/ C. Clifford Shirley, Jr.
                                        United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).